UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LOTITA STARKS-HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-176 |
| | ) | |
| OFFICER CLAYTON TAYLOR and | ) | |
| OFFICER PHILLIP EALINGS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendants' motion to deem facts admitted, filed February 13, 2009. (Docket # 19.) The Defendants request that the Court deem admitted certain Requests for Admission they propounded to the Plaintiff, asserting that the Plaintiff submitted evasive responses to their straightforward requests, in violation of Federal Rule of Civil Procedure 36. (Defs.' Mot. to Deem Facts Admitted ("Defs.' Mot.") 1.) The Plaintiff responded to the motion by arguing that her responses are sufficient (*see generally* Pl.'s Resp. Br.), and the Defendants subsequently replied (Docket # 30). For the following reasons, Defendants' motion will be GRANTED.

## I. BACKGROUND

On December 5, 2008, Defendants served eighteen Requests for Admissions on the Plaintiff, who responded on January 8, 2009. (Defs.' Mot. Exs. A, B.) The Defendants, however, dissatisfied with the Plaintiff's eighteen responses, sent her counsel a letter on January 9, 2009, pursuant to Northern District of Indiana Local Rule 37.1, challenging their sufficiency. (Defs.' Mot. Ex. C.) In the Defendants' view, the responses contained qualifications and

conditions or were otherwise non-responsive, and therefore they asked that the Plaintiff amend them. (Defs.' Mot. Ex. C.) Plaintiff's counsel replied with a letter on January 23, 2009, explaining why each of the Plaintiff's answers sufficiently responded to the substance of the requests, and declined to amend. (Defs.' Mot. Ex. D.) Consequently, the Defendants now seek an Order deeming the facts contained in the Requests for Admissions admitted.

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 36(a) permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts . . . [and] the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36(a)(4) governs responses to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "Whether an inquiry is reasonable depends on the facts of the case." *Brown v. Overhead Door Corp.*, No. 06 C 50107, 2008 WL 4614299, at *2 (N.D. Ill. Oct. 16, 2008) (citing *Hanley v. Como Inn, Inc.*, No. 99 C1486, 2003 WL 1989607 (N.D. Ill. Apr. 28, 2005)); *see also Scholz v. Norfolk So. Railway Co.*, No. 07 C 0378, 2007 WL 1875980, at *3 ("Rule 36(a) requires that parties responding to Requests for Admission make a reasonable inquiry as to third parties, when necessary.").

The purpose of the rule is to define the matters in controversy and expedite the trial by

narrowing the issues in dispute. 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252, at 522-523. If the requesting party believes that the responses are inadequate, then it may move for the Court to determine their sufficiency. Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). The Court may also award expenses to the requesting party under Rule 37(a)(5). Fed. R. Civ. P. 36(a)(6).

### III. DISCUSSION

The Defendants' Requests for Admission essentially seek admissions to two categories of information: 1) that certain exhibits are "true and accurate copies" of documents (Request Nos. 1, 5, 7, 9, 13, 15, 17), and 2) that these exhibits contain particular statements (Request Nos. 2-4, 6, 8, 10-12, 14, 16, 18).

*A. Request for Admission Nos. 1, 5, 7, 9, 13, 15, and 17*

We first turn to the requests seeking to confirm whether the copies of the documents at issue are true and accurate. Request No. 1, for example, reads, "Exhibit A is a true and accurate copy of the Allen County Sheriff Main Booking Table for Plaintiff's arrest on July 19, 2006." (Defs.' Mot. Ex. B.) Plaintiff responded, "Admitted as to the authenticity of the document; however, Plaintiff is not familiar with the Allen County Sheriff Main Booking Table, and does not admit to the accuracy of the documents [sic] contents." (Defs.' Mot. Ex. B.) Requests Nos. 5, 7, 9, 13, 15, and 17 are similarly worded requests, to which the Plaintiff simply responded, "Admitted as to the authenticity of the document." (Defs.' Mot. Ex. B.)

Defendants argue that the Plaintiff's responses to these questions are evasive and non-responsive. Plaintiff, however, contends that her answers are sufficient; as she sees it, these

3

requests go beyond authenticating the relevant exhibits, and ask her to admit to the truth and accuracy of the information contained within the documents, which she neither generated or prepared. (*See* Pl.'s Resp. Br. ¶ 1; Defs.' Mot. Ex. D.)

The Court has reviewed the requests and the relevant exhibits, and finds that Request Nos. 1, 5, 7, 9, 13, 15, and 17 simply seek to streamline the litigation by eliminating the issue of whether the exhibits are "true and accurate cop[ies]" of relevant documents, or, in other words, "are merely designed to have [the Plaintiff] authenticate certain documents." *Estate of Manship v. U.S.*, 232 F.R.D. 552, 559 (M.D. La. 2005). "This task is not overly burdensome and is designed to help resolve technical evidentiary issues prior to trial . . . ." *Id.*

The Plaintiff has already admitted to the exhibits' authenticity, and to that extent, her responses fairly meet the substance of the requests. On the other hand, to the extent the Plaintiff's responses deny the truth or accuracy of the information within the exhibits, they go beyond the meaning of the request and are non-responsive. Consequently, the Court deems Requests Nos. 1, 5, 7, 9, 13, 15, and 17 admitted.

### B. *Request for Admission Nos. 2-4, 6, 8, 10-12, 14, 16, and 18*

The remaining requests seek admissions that the exhibits contain certain statements. For example, Request No. 2 reads, "*According to Question #2 of the Inmate Medical Assessment included in Exhibit A*, 'the person,' meaning Plaintiff, did not have visible trauma or bleeding." (Defs.' Ex. B (emphasis added).) The Plaintiff responded, "Plaintiff admits that the form fails to indicate Plaintiff had visible trauma. However, Plaintiff does not recall having answered any medical questions and pictures taken by Fort Wayne Police Officers while Plaintiff was in St. Joseph Hospital show[] Plaintiff's injuries." (Defs.' Ex. B.) Plaintiff likewise responded to a

4

number of other similar requests (*See* Resp. to Request Nos. 3, 4, and 12), explaining how she disagrees with the substance of the statements, and in many instances merely responded, "Plaintiff admits that is what the form states, but denies its allegations." (*See* Resp. to Request Nos. 6, 8, 10-12, 14, 16, 18.)

The Plaintiff, however, is not being asked to admit whether the statements in the documents are true; for example, Request No. 1 does not ask her to admit that she had no visible trauma. Rather, the requests solely inquire as to whether the exhibits state what the Defendants say they do. "[I]f the request for admission quotes a document[] and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not." *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006); *see also Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("Thus, just as a Rule 36 request may seek to remove the issue of a document's 'genuineness' or authenticity, . . . whether a particular document contains textual material as described in a request equally seeks to eliminate an unnecessary issue of fact for trial. It is therefore permissible to request that a party admit or deny a Rule 36 request as to the accuracy of quoted textual material from a particular document relevant to the case.") "If, on the other hand, the request for admission paraphrases a document, the request should be admitted if the paraphrase is accurate and denied if it is not." *Id*. This is all the Plaintiff was requested to admit, and therefore her additional merit-based arguments were non-responsive to the requests.

Furthermore, the Plaintiff does not contend that the Defendants inaccurately quoted or paraphrased what the documents state; rather she repeatedly admits "that is what the Exhibit[s] state[]" but otherwise denies their "allegations." (*See* Defs.' Mot. Ex. B.) Consequently,

Request Nos. 2-4, 6, 8, 10-12, 14, 16, 18 are simply deemed admitted. The Plaintiff is, of course, free to explore at trial any perceived factual inconsistencies the exhibits may present. *See, e.g., Mason v. Smithkline Beecham Corp.*, No. 05-CV-1252, 2007 WL 781758, at *3, *5, *8 (C.D. Ill. Mar. 12, 2007) (stating that the factual and legal merit of responses to requests for admission are issues for summary judgment or trial, and that requests for admissions are not the place for arguments on the merit).

Therefore, the Defendants' Motion (Docket # 19) is hereby GRANTED. The Defendants' Requests for Admission Nos. 1 through 18 are hereby deemed admitted.

SO ORDERED.

Enter for this 3rd day of March, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge