# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **LOTITA STARKS-HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:08-cv-176 |
| | ) |
| **CLAYTON TAYLOR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Lotita Starks-Harris and Patricia Williams apparently have a disputatious history. For example, this case arises out of an incident between the two that erupted at a Fort Wayne, Indiana, grocery store, resulting in the involvement of the police and the arrest of Starks-Harris. That event led Starks-Harris to file this lawsuit under 42 U.S.C. § 1983 against the two Fort Wayne police officers involved in the encounter, Clayton Taylor and Phillip Ealing, alleging claims of false arrest, malicious prosecution, and excessive force under the Fourth Amendment.

Defendants have now filed a Motion for Partial Summary Judgment (Docket # 12), arguing that the only claim that should go forward to trial is the alleged use of excessive force during Starks-Harris's arrest.[1] After all the briefing submitted by the parties, the sole issue to be addressed in this Opinion and Order is simply whether Starks-Harris can advance a § 1983

---

[1] Subject matter jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

malicious prosecution claim against Officer Taylor under the Fourth Amendment.[2]

As Officer Taylor sees it, the Seventh Circuit Court of Appeals does not recognize a Fourth Amendment claim of malicious prosecution, because "the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." (Reply Br. 3 (quoting *Bielanski v. County of Kane*, 550 F.3d 632, 638 (7th Cir. 2008)). Officer Taylor also contends that he is entitled to qualified immunity on the claim. Starks-Harris on the other hand, argues that Officer Taylor's position paints the jurisprudence surrounding Fourth Amendment claims of malicious prosecution (at least those arising in the Seventh Circuit) too broadly, and also disputes his contention of qualified immunity. She contends that the issue pivots on whether she has any available remedy under Indiana state law, and if not, then she must be allowed to advance the constitutional tort under § 1983. (Sur-Resp. Br. 2-3.)

For the reasons provided, Defendants' Motion for Partial Summary Judgment will be GRANTED.

## II. FACTUAL BACKGROUND[3]

On July 19, 2006, Starks-Harris and her identical twin-sister, Lolita Mims, entered a Scott's grocery store to get a candy bar, but left when they could not find the one they wanted. (Starks-Harris Aff. ¶ 2.) As they were leaving the store, they heard Patricia Williams, who apparently was also in the store, yell, "Someone's goin' to jail!" (Starks-Harris Aff. ¶ 3.) It seems clear that prior to this encounter, there had been a history of some serious disputes

---

[2] Starks-Harris concedes that summary judgment should be granted on her false arrest claims against both Defendants, as well as on her malicious prosecution claim against Officer Ealing. (Resp. Br. 5.)

[3] For summary judgment purposes, the facts are recited in the light most favorable to Starks-Harris, the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

between Williams and Mims, and to a certain extent, Williams and Starks-Harris. (Starks-Harris Aff. ¶ 3.)

At about this time, Officer Taylor arrived at the store, followed shortly thereafter by Officer Ealing. (Taylor. Aff. ¶ 2; Ealing Aff. ¶¶ 2, 3.) Both had been dispatched to the grocery store to investigate a complaint made by Williams that while shopping she had been threatened and harassed by two women whom she had secured a protective order against. (Williams Dep. 19; Taylor Aff. ¶ 2; Ealing Aff. ¶ 2.)

When Officer Taylor arrived, he observed Williams standing near the front entrance to the store yelling toward two African-American females (later identified as Starks-Harris and Mims), who by this time were in their car in the parking lot about to leave. (Taylor Aff. ¶ 3; Williams Dep. 21-22; Starks-Harris Aff. ¶ 4.) Williams gave Officer Taylor a copy of her protective order issued on June 23, 2006, against Lotita Starks. (Taylor Aff. ¶ 4; Williams Dep. 23.) Officer Taylor told Williams to wait by her vehicle, so that he could go speak with the other women. (Taylor Aff. ¶ 3; Williams Dep. 23.)

Officer Taylor then yelled at Starks-Harris and Mims when requesting their identification. (Starks-Harris Aff. ¶ 5.) Since Officer Ealing had arrived by this time, he took over the questioning, and Officer Taylor went back to talk to Williams. (Starks-Harris Aff. ¶ 6.) Officer Ealing proceeded to confirm the identity of Starks-Harris and Mims. (Ealing Aff. ¶ 3.)

While Officer Ealing was speaking to Starks-Harris and Mims, Officer Taylor renewed his questioning of Williams about what had occurred before the arrival of the police. (Taylor Aff. ¶ 6.) Williams reported that she arrived at Scott's before Starks-Harris and Mims and that when they arrived, Starks-Harris threatened Williams's friend, Joquana Porter. (Taylor Aff. ¶ 6.)

3

Allegedly, Starks-Harris then told Williams that they were going to wait outside to beat her up. (Taylor Aff. ¶ 6.) It was at that point that Williams called the police. (Taylor Aff. ¶ 6.)

Upon hearing this story, Officer Taylor maintains that he contacted the Fort Wayne Records Bureau to confirm the existence and validity of Williams's protective order. (Taylor Aff. ¶ 7.) He was told by the Bureau that the protective order had been issued on June 23, 2006, was due to expire on June 23, 2008, and had been served on Lotita Starks. (Taylor Aff. ¶ 7.)

At that point, Officer Taylor returned to Starks-Harris's car, where Starks-Harris was telling Officer Ealing her side of the story. (Starks-Harris Aff. ¶ 8.) As she was looking in her trunk for some supporting police reports, Officer Taylor approached Starks-Harris, pushed her, and told her that she was going to jail for violating a protective order. (Starks-Harris Aff. ¶ 8.) Although Starks-Harris maintained that she had never been served with a protective order, Officer Taylor arrested her anyway. (Starks Harris Aff. ¶ 9.) Although the issue is hotly disputed, Starks-Harris contends that she never fought with the officers, tried to flee, resisted arrest, threatened anyone, screamed, or yelled in the parking lot at Williams, and never threatened the officers with bodily harm. (Starks-Harris Aff. ¶ 15.)

Officer Taylor arrested Starks-Harris for Invasion of Privacy, Resisting Law Enforcement (Physical), and Disorderly Conduct. (Taylor Aff. ¶ 9.) He then filed an Affidavit for Probable Cause containing, according to Starks-Harris, multiple false statements surrounding her conduct at the arrest scene and while being transported in the squad car. (Starks-Harris Ex. 2.) Eventually a jury trial was held, and Starks-Harris was acquitted of all charges. (Certified Copy of Chronological Case Summary, *State of Indiana v. Lotita C. Harris*, Cause No. 02D04-0607-CM-004957.)

On May 20, 2008, Starks-Harris filed the instant action against Defendants under 42 U.S.C. § 1983, alleging Fourth Amendment claims of false arrest, malicious prosecution and excessive force. (Docket # 1.) On December 17, 2008, Defendants moved for partial summary judgment, asserting that they are entitled to judgment as a matter of law on the claims of false arrest and malicious prosecution. (Docket # 12.)

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c); *Payne*, 337 F.3d at 770. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005).

When ruling on a motion for summary judgment, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne*, 337 F.3d at 770. The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.*; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true," as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.*

However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771; *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (instructing that in determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts").

## IV. DISCUSSION

Defendants move for summary judgment on Starks-Harris's § 1983 claims of false arrest and malicious prosecution. In response, Starks-Harris concedes that summary judgment is appropriate on her false arrest claims against both Defendants, as well as on her malicious prosecution claim against Officer Ealing; therefore, summary judgment will be granted on those claims. As explained *supra*, the only claim that remains to be addressed is the § 1983 malicious prosecution claim against Officer Taylor that Starks-Harris advances under the Fourth Amendment. For the following reasons, Officer Taylor's motion for summary judgment on this claim is also successful.

With respect to a claim of malicious prosecution, the Seventh Circuit Court of Appeals has stated that "'there is no constitutional right not to be prosecuted without probable cause' and a plaintiff cannot 'state a section 1983 claim simply by showing that he was wrongly prosecuted.'" *Freeman v. Guy*, No. 08-1568, 2008 WL 5227195, at *4 (7th Cir. Dec. 16, 2008) (unpublished) (quoting *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 683 (7th Cir. 2007)); *see also Bielanski*, 550 F.3d at 638 (acknowledging its "well-settled rule" that "the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects") (citations omitted). "Rather, a plaintiff 'must establish that he was deprived of a specific constitutional

right, such as the right to a fair trial.'" *Freeman*, 2008 WL 5227195, at *4 (quoting *Holmes*, 511 F.3d at 683); *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) ("A plaintiff may not state a § 1983 claim simply by alleging that he was maliciously prosecuted. Instead, he must allege the violation of one of his constitutional rights . . . ."); *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001) (stating that claims of malicious prosecution should be analyzed "under the language of the Constitution itself").

Here, Starks-Harris advances her § 1983 malicious prosecution claim solely under the Fourth Amendment. (*See* Resp. Br. 6; Sur-Resp. Br. 2-3.) The scope of a Fourth Amendment claim, however, "is limited up to the point of arraignment." *Bielanski*, 550 F.3d at 638; *Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004). Therefore, Starks-Harris is seeking relief for the deprivation of her right to be free from unreasonable seizures from the time of her arrest through the time of her arraignment. *See, e.g.*, *McCann v. Hood*, No. 1:07-cv-519-SEB-JMS, 2009 WL 276792, at *10 (S.D. Ind. Feb. 3, 2009) (instructing in the context of a malicious prosecution claim that the plaintiff's damages would be limited under the Fourth Amendment to those she sustained up until her arraignment because she did not allege a procedural due process claim covering later harms).

But, in advancing her malicious prosecution claim under the Fourth Amendment, Starks-Harris is essentially repackaging her false arrest claim that she expressly concedes should be dismissed upon summary judgment. *See, e.g.*, *McCullah v. Gadert*, 344 F.3d 655, 658-60 (7th Cir. 2003) (interpreting plaintiff's claim that defendant police officer violated his Fourth Amendment rights by providing false information about him as one of wrongful arrest). The Seventh Circuit has "rejected the idea . . . that a false arrest claim may be repackaged as a claim

7

for malicious prosecution." *Freeman*, 2008 WL 5227195, at *5 (citing *Newsome*, 256 F.3d at 750-51). It explained that "if a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.'" *Newsome*, 256 F.3d at 751; *see also Leathem v. LaPorte*, No. 3:07-CV-220 PPS, 2008 WL 4224940, at *3 (N.D. Ind. Sept. 10, 2008) (concluding that plaintiff's "stand-alone claim for malicious prosecution under the Fourth Amendment cannot survive").

And in that regard, Starks-Harris was wise to concede that Defendants are entitled to summary judgment on her false arrest claim. "[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim . . . ." *Holmes*, 511 F.3d at 682 (emphasis added). "An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed." *Id*. Here, regardless of whether probable cause existed for the charges of disorderly conduct and resisting arrest, the parties do not dispute that clear probable cause existed for Starks-Harris's arrest for invasion of privacy due to her alleged violation of the protective order. Therefore, Starks-Harris's false arrest claim under the Fourth Amendment was doomed.

Furthermore, Starks-Harris does not suggest, much less explain, how the alleged deprivation of her Fourth Amendment rights in connection with her malicious prosecution claim differs from the alleged deprivation of her Fourth Amendment rights that she abandoned with her false arrest claim. As emphasized *supra*, "[a]n arrested individual is no more seized when he is arrested on three grounds rather than one," *id*. (rejecting the concept of a continuing seizure in the Fourth Amendment context), and a Fourth Amendment claim "is limited up to the point of

8

arraignment," *Bielanski*, 550 F.3d at 638; *Wiley*, 361 F.3d at 998. For example, Starks-Harris makes no argument that she was detained longer in jail prior to her arraignment because of the additional charges. *See generally Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) ("Summary judgment is the 'put up or shut up' moment in a lawsuit." (citation omitted)).

And, significantly, Starks-Harris does not advance her malicious prosecution claim under the Fourteen Amendment, foregoing any argument that she was deprived of her constitutional right to due process of law.[4] *See Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007) (articulating that after arraignment, the due process clause governs malicious prosecution claims); *Bielanski*, 550 F.3d at 642 (explaining that "the Fourth Amendment drops out of the picture following a person's initial appearance in court" (quoting *Hernandez v. Sheahan*, 455 F.3d 772, 777 (7th Cir. 2006)); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899 n.9 (7th Cir. 2001) ("[M]alicious prosecution permits damages for 'confinement imposed pursuant to legal process.'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994))). Therefore, the parties' arguments about whether a parallel remedy under Indiana law exists are seemingly irrelevant, as the Seventh Circuit has stated that "*Parratt* [*v. Taylor*, 451 U.S. 527 (1981),] has nothing to say about a Fourth Amendment claim." *McCullah*, 344 F.3d at 660 ("[N]o amount of process can support an arrest without probable cause.").

In a nutshell, because Starks-Harris advances her § 1983 malicious prosecution claim solely under the Fourth Amendment, it is subsumed in her claim of false arrest, which she

---

[4] Though Starks-Harris does cite the Fourteen Amendment twice in her complaint, it is obvious that she does so only because it made the Fourth Amendment applicable to the states, *see, e.g.*, *Caldwell v. Jones*, 513 F. Supp. 2d 1000, 1011 (N.D. Ind. 2007), never mentioning the Fourteenth Amendment again in the briefing of her malicious prosecution claim. (*See* Compl. ¶¶ 2, 9; Resp. Br. 6-7; Sur-Resp. Br. 2-3.)

9

concedes should be dismissed on summary judgment.[5] *See, e.g., Bishop v. City of Indianapolis*, No. 1:06-cv-1064-SEB-TAB, 2008 WL 820188, at *14 (S.D. Ind. Mar. 24, 2008) (concluding that a malicious prosecution claim under the Fourth Amendment was "superfluous" where plaintiff also brought a § 1983 unlawful arrest claim). Therefore, summary judgment will also be entered in Officer Taylor's favor on the claim of malicious prosecution.

## V. CONCLUSION

The Motion for Partial Summary Judgment (Docket # 12) filed by Defendants is GRANTED, and Plaintiff shall take nothing from Defendants Taylor or Ealing on her false arrest and malicious prosecution claims under 42 U.S.C. § 1983. The excessive force claim remains for trial.

SO ORDERED.

Entered this 3rd day of March, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[5] Because summary judgment is warranted on this basis, the Court need not reach Officer Taylor's argument of qualified immunity.