# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LOTITA STARKS-HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CAUSE No. 1:08-cv-176 |
| OFFICER CLAYTON TAYLOR, and OFFICER PHILLIP EALING, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on the Supplemental Motion in Limine filed by Plaintiff Lotita Starks-Harris on September 10, 2009 (Docket #68), seeking to exclude Defendants' Exhibits D and E (post-incident Use of Force Reviews prepared by the officers) and "Exhibit [J]" (an in-car recording made while the officers were transporting Starks-Harris to the hospital). The Court assumes the reader is familiar with the facts of this 42 U.S.C. § 1983 excessive force case and is mindful of the standard on motions in limine (and the preliminary nature of any rulings) as discussed in its prior Opinion and Order. (Docket #79). For the reasons provided, the Plaintiff's Supplemental Motion in Limine will be GRANTED.

The Court finds that the Use of Force Reviews fall into the same category as the officers' narrative reports on the incident, which the Court ruled to be inadmissible absent a foundation. Accordingly, Exhibits D and E will be treated the same as those prior exhibits and excluded until such time as a foundation can be laid under Federal Rule of Evidence 803(6) for their possible use or they are used to refresh the officers' recollections.

As to Exhibit J, the in-car video records the transport of Starks-Harris from the site of

arrest to St. Joseph Hospital. Starks-Harris can be heard telling Officer Taylor that "you better be taking me to the hospital," "all this blood is getting in my eyes," "we were waiting to sue you all anyway," and "I don't want to go to St. Joe [Hospital]." (Pl.'s Supp. Mot. In Limine 2).[1] The Defendants argue that the tape should be admitted to demonstrate her demeanor and that it is also relevant to the issue of her credibility and damages. After reviewing the tape in the presence of counsel and hearing arguments, the Court will GRANT the Plaintiff's supplemental motion to exclude the tape.[2]

In support of her motion, Starks-Harris contends that since the tape only captures the events after her arrest, it is irrelevant. This argument has merit. The principal issue in dispute is whether the officers used excessive force in arresting Starks-Harris. *See generally Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985); *Sallenger v. Oakes*, 473 F.3d 731, 742 (7th Cir. 2007). Starks-Harris' actions and comments on tape are entirely after the fact and are therefore irrelevant to the question of whether the officers used excessive force in arresting her.

To the extent the Defendants wish to use the tape to impeach Starks-Harris, her comments are largely of a collateral nature and not subject to impeachment. *United States v. Jackson*, 540 F.3d 578, 577-78 (7th Cir. 2008) (stating that "it is well-settled that one may not impeach by contradiction regarding collateral or irrelevant matters "); *see also United States v. Bitterman*, 320 F.3d 723, 727 (7th Cir. 2003); *United States v. Kozinski*, 16 F.3d 795, 805-06

---

[1] Officer Taylor's statements, at times responding to Starks-Harris, are, however, muffled and unintelligible.

[2] The Defendants note that the Supplemental Motion is late, but since the Plaintiff could still voice these objections at trial, the Court will overrule the objection and proceed to the merits.

(7th Cir. 1994). Furthermore, even if the tape is being offered for impeachment, Rule 403 still permits its exclusion if its value is outweighed by the risk of prejudice. *United States v. Galati*, 230 F.3d 254, 261-62 (7th Cir. 2000); *see also* Graham, Handbook of Federal Evidence § 607:2 (6th ed. 2006). As noted below, the prejudice to Starks-Harris, in terms of jury confusion, is substantial.

Although the Defendants argue that the tape goes to the question of Starks-Harris' damages, the basis for the assertion is somewhat unclear and seems to be grounded on the notion that Starks-Harris refused to get out of the squad car at the hospital. The reason for her refusal, however, seems to do more with her desire for photographic evidence of her injuries than any thought that her injuries did not require treatment. In any event, the Court is concerned about the prejudicial effect of the tape when compared to this very limited probative value under Federal Rule of Evidence 403. *See, e.g., Suarez v. Town of Ogden Dunes, Ind.*, --- F.3d ---- (7th Cir. Sep. 11, 2009). The tape reveals Starks-Harris in a highly agitated state, screaming insults at Officer Taylor and telling him she intends to sue. These statements might easily be misinterpreted by the jury, or lead to prejudice against her, particularly if they conflate Starks-Harris' squad car behavior with that which led to her arrest.

For the foregoing reasons, the Plaintiff's Supplemental Motion in Limine (Docket # 68) is GRANTED.

SO ORDERED.

Enter for the 14th of September, 2009.

                                                            S/Roger B. Cosbey
                                                            Roger B. Cosbey,
                                                            United States Magistrate Judge